IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LELAND JAMISON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-1851-K |
| § | ECF |
| DRIVETIME SALES AND FINANCE § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is defendant DriveTime Sales and Finance Corporation's (the "Defendant") motion to dismiss (doc. 6). For the reasons stated below, this Court recommends that the motion be granted.

**I.**

Plaintiff Leland Jamison (the "Plaintiff"), proceeding *pro se*, filed this action in the District Court on October 10, 2006. Plaintiff was hired by Defendant as a sales associate on September 29, 2003 and was subsequently promoted to a sales manager position. Def.'s App. at 7. Plaintiff contends that Defendant discriminated against him by wrongfully terminating his employment and wrongfully denying him two promotions based on his race. Pl.'s Comp. at ¶¶ 13-19. Plaintiff's complaint also includes claims of fraud and intentional infliction of emotional distress. *Id*. at ¶¶ 20-22. Pursuant to the parties' arbitration agreement, Plaintiff's claims were heard by an arbitrator on April 12 and 13, 2006. *See* Def.'s App. at 6. In his amended claims to the arbitrator, Plaintiff made the following claims and demands against Defendant: (1) wrongful termination, (2) hostile work

environment, (3) race discrimination, (4) religious discrimination, (5) retaliation, (6) defamation of character, and (7) punitive damages. *Id*. at 10. The arbitrator found that Defendant's termination of Plaintiff's employment was on the basis of Plaintiff's race. *Id*. at 19. Plaintiff's other claims were denied. *Id*. Plaintiff was awarded punitive damages in the amount of $25,000.00 and nominal damages in the amount of $1.00. *Id*.

## II.

Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicts Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (Sanders, J.) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). *See also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Accordingly, for the purposes of our review of the judgment of dismissal, we accept as true that the bonds were redeemed without premium for the purpose of refunding the bonds at an interest rate lower than 0.07 percent. We do not, however, accept Associated Builders' conclusory allegation that the prospectus was materially misleading. Conclusory allegations and unwarranted deductions of fact are not admitted as true . . . .").

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in

the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[*P*]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

### III.

Defendant contends that Plaintiff's claims should be dismissed because they are barred by the doctrine of *res judicata*. Def.'s Br. at 1. Plaintiff's response appears to indicate that he understood that some of his claims could not be handled through arbitration.[1] Pl.'s Resp. at 1.

Plaintiff and Defendant are parties to an arbitration agreement wherein the parties agreed to arbitrate all claims against each other. Def.'s App. at 1-3. The agreement provides that it will survive the termination of Plaintiff's employment and covers "any claim, dispute or controversy between" Defendant and Plaintiff. *Id*. at 1, 3. However, the agreement includes claims not covered by the agreement:

---

1. Defendant's motion to dismiss was filed on November 2, 2006. Plaintiff filed "Plaintiff's Reply to Defendant [sic] Motion to Dismiss" on January 18, 2007. No other responses to the motion to dismiss were filed by Plaintiff prior to this date. Plaintiff's reply, which this Court construes as his response, was filed 75 days after Defendant's motion to dismiss was filed. Pursuant to the District Court's local rules, responses must be filed 20 days after the motion is filed. *See* Local Rule 7.1(e). Plaintiff has not filed a motion for leave to file his response out of time, nor does Plaintiff explain in his response why his response was filed out of time. Furthermore, Plaintiff has not filed an accompanying brief for his response. *See* Local Rule 7.1(d) ("A response to an opposed motion must be accompanied by a brief that sets forth the responding party's contentions of fact and/or law, and argument and authorities."); *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995) ("The statement of facts and argument sections of Douglass' brief contain no citations to the record, contrary to FED. R. APP. P. 28(A)(4), (6). Although we liberally construe briefs filed by *pro se* litigants, we still require them to comply with the Federal Rules of Appellate Procedure. Douglass is cautioned that disregard for the rules of appellate procedure may result in dismissal.") (citations omitted).

> Claims for workers' compensation (other than workers' compensation retaliation) or unemployment compensation benefits are not covered by this Agreement. Also not covered are claims by the Company or by me for temporary restraining orders or preliminary injunctions ("temporary equitable relief"). Even if either of us obtains temporary equitable relief, any action seeking damages will be pursued in Arbitration, and the Arbitrator shall have the same authority to order appropriate legal or equitable remedies as a court of general jurisdiction.

*Id.* at 1.

"Consistent with Texas law on *res judicata*, an arbitration proceeding and award is given preclusive effect in a later suit if the arbitration involved: (1) an identity of parties; (2) an identity of the cause of action; and (3) a full and fair opportunity to litigate the matter." *Autotrol Corp. v. J-F Equip. Co.*, 820 F. Supp. 293, 297 (N.D. Tex. 1993) (C.J., Fish) (citation omitted). *See also Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) ("Four requirements must be met in order to apply *res judicata*: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases.") (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)).  Furthermore, "[i]f the necessary requirements are satisfied, the arbitration becomes *res judicata* not only as to what was pleaded, but also as to what could have been pleaded." *Autotrol Corp.*, 820 F. Supp. at 297 (internal quotation and citation omitted). *See also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) ("The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action.") (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

In this case, a final arbitration award involving the same parties and the same causes of action (or causes of action that could have been pleaded) was entered on June 8, 2006. Def.'s App.

4

at 6-19. Although there is not an exact overlap of the claims pleaded in this action and those pleaded before the arbitrator, all the claims arose out of Defendant's wrongful treatment of Plaintiff during and at the conclusion of Plaintiff's employment with Defendant, and therefore should have been brought up before the arbitrator. Furthermore, Plaintiff does not in any way argue that the arbitration agreement is not valid. *See* Plaintiff's Resp. at 1-2. Therefore, because Plaintiff's claims were arbitrated or should have been arbitrated pursuant to the arbitration agreement between the parties, this Court finds that Plaintiff's claims before the District Court are barred by the doctrine of *res judicata*.

Defendant also asserts that even if Plaintiff's claims were not barred by the doctrine of *res judicata*, they would nevertheless be subject to dismissal because they must be arbitrated pursuant to the parties' arbitration agreement. Def.'s Br. at 1, 8. As previously mentioned, the agreement covers "any claim, dispute or controversy between" Defendant and Plaintiff, with several exceptions.

> Claims for workers' compensation (other than workers' compensation retaliation) or unemployment compensation benefits are not covered by this Agreement. Also not covered are claims by the Company or by me for temporary restraining orders or preliminary injunctions ("temporary equitable relief"). Even if either of us obtains temporary equitable relief, any action seeking damages will be pursued in Arbitration, and the Arbitrator shall have the same authority to order appropriate legal or equitable remedies as a court of general jurisdiction.

Def.'s App. at 1. Therefore, although Plaintiff's response appears to indicate that he believed some of his claims could not be handled through arbitration (Pl.'s Resp. at 1), Plaintiff's claims do not include the above enumerated exceptions and therefore must be arbitrated in accordance with the arbitration agreement. *Cf. Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 749 (5th Cir. 1996) ("Whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration.").

5

Plaintiff states that he was told by Defendant to file a Title VII claim with the Equal Employment Opportunity Commission (the "EEOC") and that he received a right to sue letter from the EEOC. Pl.'s Resp. at 2. Although the EEOC is not bound by the arbitration agreement because they were not a party to the agreement (and subsequently would have a right to sue Defendant), Plaintiff is a party and is therefore bound. *Cf. Beiser v. Weyler*, 284 F.3d 665, 667 (5th Cir. 2002) ("[T]he Supreme Court emphasized that non-parties to an arbitration agreement may not be compelled to arbitrate. In EEOC, the Court considered whether an employee's agreement to arbitrate disputes with his employer prevented the EEOC from suing the employer on the employee's behalf to obtain victim specific relief, like back pay or reinstatement. The Court concluded that the EEOC was not prevented from filing suit or seeking any remedy that would otherwise be available. It emphasized that the EEOC was not a party to the employee's arbitration agreements.") (citing *EEOC v. Waffle House*, 534 U.S. 279 (2002)). Although the EEOC found that there was reasonable cause to believe that Defendant violated Title VII with respect to some or all of the matters Plaintiff alleged, the EEOC decided not to bring suit against Defendant. Pl.'s Compl. at Ex. E. Therefore, although the EEOC issued a right to sue letter informing Plaintiff that he may file a lawsuit under federal law against Defendant in federal or state court (*Id*.), by the terms of the parties' arbitration agreement, Plaintiff's claims are subject to arbitration. Therefore, this Court also finds that Plaintiff's claims should be dismissed for this reason.

## IV.

For the reasons stated above, this Court recommends that Defendant's motion to dismiss be granted.

Signed, this 2nd day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).